José Salvá, demandante y apelado, *v.* Leandro Frontado, demandado y apelante.

No. 4619.—*Sometido:* Diciembre 6, 1929.—*Resuelto:* Enero 20, 1931.

*Adrián Agosto,* abogado del apelante; *José Martínez Dávila,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

José Salvá se comprometió a construir en Santurce de esta ciudad cuatro casas de concreto y un garage para Leandro Frontado por precio de $12,500. En ese contrato, que fué consignado por escrito, se comprometió Frontado a entregar $200 semanales al constructor y $1,000 más el día último de cada mes. En el curso de esas obras surgieron algunas paralizaciones y también desavenencias entre las partes contratantes que culminaron en la demanda de este pleito establecida por el contratista contra Frontado alegando que se habían hecho ampliaciones de las casas que aumentaban el valor de las obras; que el demandado no cumplió su contrato en cuanto a las entregas de dinero que debía hacer al contratista mensualmente para la compra de materiales y que el día 7 de marzo de 1925 Frontado separó al demandante de las obras sin causa ni motivo alguno y se incautó de ellas y las continuó, cuando tenían un valor de $8,954.46 y solamente había recibido a cuenta de ellas $7,158. Por esas alegaciones solicitó se condenase al demandado a pagarle $1,796.46 que tenía invertidos en las obras y $2,000 como indemnización por daños y perjuicios.

Celebrado el juicio el tribunal inferior dictó sentencia en la que se limitó a condenar al demandado a pagar al demandante la cantidad de $1,350 y las costas, sin incluir honorarios de abogado, fundándose en que el demandado separó al demandante de las obras y se incautó de ellas sin motivo justificado y en que dicha cantidad es el valor razonable del beneficio industrial del demandante en las mencionadas obras. Contra ella se ha interpuesto esta apelación por el demandado.

El primer motivo que se aduce para que revoquemos la sentencia es que se cometió error al decidir que el apelante fué culpable de la rescisión del contrato, decidiendo así la preponderancia de la evidencia a favor del demandante.

En el contrato escrito que celebraron las partes no se consignó cláusula alguna por la cual el constructor estuviese obligado a prestar fianza para garantizar las cantidades que debían serle entregadas para las obras y, sin embargo, el 6 de marzo de 1925 Frontado requirió notarialmente al constructor Salvá haciéndole saber que estaba dispuesto a depositar en un banco la cantidad que restaba de la convenida en el contrato entre ellos siempre que Salvá constituyese fianza para garantizarle el cumplimiento del contrato y para que en caso contrario lo diese por rescindido, quedando Frontado en libertad de continuar las obras. Contestó Salvá a ese requerimiento diciendo que consultaría con su abogado, y al siguiente día Frontado se incautó de las obras y las continuó.

Los hechos expuestos demuestran que el tribunal inferior no cometió el primer error que se alega por el apelante, pues no habiéndose convenido en el contrato entre las partes que el contratista tuviese el deber de constituir fianza para garantizar el dinero que debía recibir para las obras, su negativa o su falta de aquiescencia a prestar la fianza que le fué exigida no dió derecho a Frontado para dar por rescindido el contrato mencionado ni para incautarse de las obras, privando así a su contratista del beneficio que tuviera en esas

obras. El apelante no tenía derecho a variar por sí solo los términos y condiciones de su contrato con el apelado imponiéndole obligaciones que no habían sido convenidas. Que la falta de prestar el contratista la fianza que le fué exigida fué el motivo de la rescisión, y no otro, lo demuestran las palabras consignadas por el apelado en el acta de requerimiento al apelante y el hecho de que según el perito del demandado el valor de las obras ejecutadas en ese momento era de un 40 o un 50 por ciento de los $12,500, valor del contrato, y alrededor de una mitad de esa cantidad había sido recibida, pues si bien el demandado sólo justificó la entrega de $6,210, el demandante admitió en su demanda que había recibido $7,158.

En cuanto al otro motivo del recurso fundado en que hubo error en la determinación de la cantidad que debe ser pagada por la ganancia dejada de percibir por el contratista, porque según la prueba no hubiera tenido ganancia alguna si hubiera continuado las obras, nos bastará decir que se demostró que la ganancia calculada para esa clase de obras es de un 10 a un 15 por ciento de su valor, y como antes hemos declarado que lo que había recibido el contratista era poco más o menos el dinero que había empleado en las obras, no puede sostenerse que no hubiera tenido ganancia alguna a la terminación de ellas; ni tampoco que no habiéndose estipulado en el contrato tanto por ciento alguno de ganancia no tenga derecho a la cantidad que se le concede, pues hay que suponer que los contratistas incluyen en el precio convenido por sus obras un tanto por ciento de ganancia, salvo el caso, que no ocurre en éste, de que por circunstancias especiales el contratista haya de construir gratuitamente. En el caso de *Nones* v. *Junta Escolar de Ponce,* 25 D.P.R. 19, en el que las obras se habían ejecutado por un precio determinado, se concedió al contratista un tanto por ciento como ganancia dejada de obtener.

*La sentencia apelada debe ser confirmada.*